**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
*******************************************
DEMETRIA PEART                             }
93 Carona Court                            }
Silver Spring, Maryland  20905             }
                                           }
v.                                         }   Case No, 13-537
                                           }   (Jury Trial Demanded)
                                           }
LATHAM & WATKINS, LLP                      }
555 Eleventh Street, NW, Suite 100         }
Washington, DC  20004                      }
*******************************************
```

## COMPLAINT AND JURY DEMAND

Plaintiff Demetria Peart ("Peart"), by and through undersigned counsel, files this Complaint and seeks an Order of Judgment against Latham & Watkins, LLP ("Latham") pursuant to The Pregnancy Discrimination Act of 1978 (PDA), Title VII of the Civil Rights Act of 1964, as amended, for employment discrimination based upon pregnancy discrimination and gender, as well as pursuant to 42 U.S.C. § 1983, for deprivation of civil rights and discrimination based upon gender, as well as pursuant to the District of Columbia Human Rights Act for pregnancy and gender discrimination, as well as pursuant to common law/statutory claims of wrongful termination, breach of an implied contract and promissory estoppel, and intentional infliction of emotional distress.  Plaintiff seeks punitive damages for the outrageous, misogynistic attitude, behavior, and treatment of a woman that shocks the conscience.

## Venue and Jurisdiction

Jurisdiction is specifically conferred on this Court by 42 U.S.C. § 2000e(5). Equitable and other relief are also sought under 42 U.S.C. § 2000e(5)(g). Jurisdiction is also based on 28

1

U.S.C. §§ 1331, 1343 and 42 U.S.C. §§ 1981, et seq. Venue is appropriate under 28 U.S.C. § 1391.

### Parties

Plaintiff Peart, an African American female and resident of Maryland, was a former employee of Defendant as a legal secretary and was unlawfully terminated based upon pregnancy and gender.

Defendant Latham maintains an extended national/international business presence as a law firm; its principal place of business for the purposes of this case is in the District of Columbia. Defendant is an employer that hired Plaintiff as an employee and is subject to the laws preventing discrimination in employment as set forth more fully in the Counts that follow.

### Exhaustion of Administrative Remedies

For those federal counts that so require, all administrative requirements to filing this lawsuit have been satisfied: to wit: Plaintiff filed an administrative complaint based upon pregnancy/gender discrimination with the EEOC and received a right to sue letter.

### Preliminary Statement

Plaintiff Peart was the victim of insidious discrimination because she was sick during her pregnancy and Defendant Latham, by and through its employees, decided to violate federal, state and common law by wrongfully terminating her employment. After suffering sickness from pregnancy, Defendant callously terminated her employment under a pretext of "lack of communication." This pretext is a complete fabrication. The Pregnancy Discrimination Act of 1978 (PDA), an amendment to Title VII of the Civil Rights Act of 1964, prohibits pregnancy discrimination and provides that women affected by pregnancy, childbirth, or related medical conditions must be treated in the same manner as other employees with similar abilities or

limitations. The District of Columbia Human Rights Act mirrors this federal statute, but is more broad in application and remedy, as is 42 U.S.C. § 1983.

If a woman is temporarily unable to perform the functions of her job due to her pregnancy-related condition, the employer must treat her in the same manner as any other temporarily disabled employee, by providing disability leave, or leave without pay. Thereafter, the employer must give the female the same level of rights, benefits, and reinstatement privileges given to other workers who are temporarily disabled. When advised of Plaintiff's condition that could have resulted in the loss of her child, which required emergency treatment and mandated bed rest, Defendant terminated her employment. The Director of Human Resources, Christopher Carr, told Plaintiff on the day he fired her that her pregnancy complications "were not his concern." He then further communicated with colleagues that he fired her because she did not return to work "for thirteen weeks for morning sickness." This misogynistic, outrageous attitude and conduct is unacceptable. The Defendant violated Plaintiff's statutory, common law and constitutional rights without regard to the law and an Order of Judgment must entered against it.

### Statement of Facts

1. Plaintiff Peart was hired by the Defendant Latham in April of 2007 as a legal secretary.
2. Plaintiff was an exceptional employee who was well regarded by staff members and the four attorneys who she was responsible for supporting on a daily basis.
3. Initially, after finding out she was pregnant in October of 2007, she continued to work through her sickness, notifying her secretarial supervisor of her problems.
4. In November of 2007, her condition worsened and her physicians advised and instructed her to be relegated to bed rest.

5. This medical instruction was a result of a tear being found in her placenta, causing extreme medical complications.

6. Upon receipt of the horrible news in the emergency room, she called her supervisor, Tiffany Braxton, to inform her of her medical emergency.

7. While on bed rest and extremely sick, both she and her husband corresponded with her supervisor as well as the benefits coordinator Virginia Graham, and the four attorneys that she supported; Kieran Dickerson, Berin Szoka, Justin Stein, and Susan Seabrook.

8. Plaintiff's short term disability was approved. Plaintiff regularly corresponded with the appropriate parties and her attorney staff assured her that her duties were being taken care of by supporting secretarial "floaters" and co-secretaries.

9. Plaintiff continuously followed-up with Defendant Latham and provided the required medical verification forms to Aetna's (Defendant's medical insurance carrier) disability department as required by company policy.

10. On January 24th 2008, Christopher Carr, the Human Resources manager, telephoned Plaintiff and advised her that he was terminating her employment because "she was no longer needed" and "her pregnancy complications were not his problem."

11. When Plaintiff, shocked and emotionally devastated, reached out to Human Resources and others at Defendant's office, she was advised that Christopher Carr told other personnel that Plaintiff was terminated because of "damn thirteen weeks for morning sickness" and her pregnancy complications were "not [their] concern."

12. In fact, Plaintiff's condition was precarious, and she could have lost her unborn child at any time.

13. Defendant acknowledges that Plaintiff was a well-regarded employee with no work-related complaints or issues with performance.

14. Plaintiff has been permanently and severely emotionally scarred by this discrimination and humiliation – and she will never fully recover from this experience.

15. Plaintiff has also not been able to recover economically. Despite submitting her resume to countless firms and related organizations, she has failed to gain employment because she was terminated by Defendant for "cause".

## COUNT I
### The Pregnancy Discrimination Act of 1978 (PDA), Title VII of the Civil Rights Act of 1964

16. Defendant, by and through its employees, conspired to deny Plaintiff Peart of her employment rights, as guaranteed by the PDA and Title VII, by creating a hostile work environment, treating her disparately and discriminating against her in her employment on the basis of her pregnancy and gender. Plaintiff Peart was subjected to said employment conditions based solely on her pregnancy discrimination and gender – and was subjected to said conditions when those in non-protected categories were treated differently and favorably in their employment.

17. This discrimination has caused past, present and future pain and suffering, loss of enjoyment of life, loss of employment opportunities, loss of income, past, present and future, as well as attorney's fees and costs.

## COUNT II
### 42 U.S.C. § 1983

18. Defendant, by and through its employees, conspired to deny Plaintiff Peart of her employment rights, as guaranteed by the Constitution, Fourteenth Amendment and federal

statutes, enforceable under 42 U.S.C. § 1983, by creating a hostile work environment, treating her disparately and discriminating against both on the basis of her pregnancy and gender. Plaintiff Peart was subjected to said employment conditions based solely on her pregnancy and gender – and was subjected to said conditions when those in non-protected categories were treated differently and favorably in their employment.

19.   This discrimination has caused past, present and future pain and suffering, loss of enjoyment of life, loss of employment opportunities, loss of income, past, present and future, as well as attorney's fees and costs.

## COUNT III
## Wrongful Termination/Implied Contract

20.   Defendant, by and through its employees, conspired to deny Plaintiff Peart of her employment rights, as guaranteed by common law implied contract, by creating a hostile work environment, treating her disparately and discriminating against her on the basis of her pregnancy and gender.

21.   Defendants are promisorily estopped from denying the existence of an implied contract as they made employment/visa promises to her upon which she reasonably relied to her detriment when they wrongfully terminated her employment.

22.   This wrongful termination has caused past, present and future pain and suffering, loss of enjoyment of life, loss of employment opportunities, loss of income, past, present and future, as well as attorney's fees and costs.

## COUNT IV
## Intentional Infliction of Emotional Distress

23.   Defendant, by and through its employees, conspired to deny Plaintiff Peart of her

employment rights by creating a hostile work environment, treating her disparately and discriminating against her on the basis of pregnancy status and gender.  With full knowledge of her medical condition, they abused their positions of authority, lied about the reasons for her discharge, humiliated her, and acted beyond the boundaries of normal decency, shocking the conscience.

24. This intentional and invidious conduct inflicted severe emotional distress upon Plaintiff, causing depression, humiliation and loss of daily enjoyment of life.

25. This intentional infliction of emotional distress has caused past, present and future pain and suffering, loss of enjoyment of life, loss of employment opportunities, loss of income, past, present and future, as well as attorney's fees and costs.

## COUNT V
## District of Columbia Human Rights Act

26. Defendant, by and through its employees, conspired to deny Plaintiff Peart of her employment rights, as guaranteed by the District of Columbia Human Rights Act, by creating a hostile work environment, treating her disparately and discriminating against her in her employment on the basis of her pregnancy and gender.  Plaintiff Peart was subjected to said employment conditions based solely on her pregnancy discrimination and gender – and was subjected to said conditions when those in non-protected categories were treated differently and favorably in their employment.

27. This discrimination has caused past, present and future pain and suffering, loss of enjoyment of life, loss of employment opportunities, loss of income, past, present and future, as well as attorney's fees and costs.

WHEREFORE, for the aforementioned reasons, Plaintiff respectfully requests that an Order of Judgment be entered against the Defendant on all Counts and that compensatory damages be awarded in an amount to exceed One Million Dollars ($1,000,000), attorney's fees, costs and that Defendant be enjoined from further acts of discrimination in employment as contrary to federal and state law.  Further, Plaintiff seeks an award of punitive damages in an amount to exceed Ten Million Dollars ($10,000,000) for the conduct of the Defendant, by and through its employees, that shocks the conscience – the severe conduct of the Defendant is wanton and willful, representing the malicious risk of harm without a care for the consequences.

## Jury Demand

Plaintiff respectfully requests a Trial by Jury on all Counts.

Respectfully submitted,

__ /s/ Jonathan C. Dailey___
Jonathan C. Dailey, Esq.
Bar No. 448141
1101 30th Street, N.W.
Suite 500
Washington, DC 20007
(202) 625-4348
(202) 625-4349 (f)
jonathan@victimlegalrights.com
Counsel for Plaintiff