**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DEMETRIA PEART,<br><br>        Plaintiff,<br><br>    v.<br><br>LATHAM & WATKINS LLP,<br>555 Eleventh Street, NW<br>Suite 1000<br>Washington, D.C. 20004-1304<br><br>        Defendant. | Case No. 1:13-cv-00537-RMC<br><br>Hon. Rosemary M. Collyer |

## DEFENDANT LATHAM & WATKINS LLP'S SECOND MOTION TO DISMISS

Pursuant to Rule 8(a) and Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure, Defendant Latham & Watkins LLP ("Latham") respectfully moves to dismiss claims pleaded against it by Plaintiff Demetria Peart in her Amended Complaint, Counts I-V.  Latham submits the accompanying Statement of Points and Authorities in Support of Defendant Latham & Watkins LLP's Second Motion to Dismiss and [Proposed] Order.

Dated: June 20, 2013

                    Respectfully submitted,

                    /s/ Matthew D. Thurlow

                    Linda M. Inscoe (Admitted *Pro Hac Vice*)
                    Matthew D. Thurlow (D.C. Bar No. 1008014)
                    LATHAM & WATKINS LLP
                    555 Eleventh Street, NW, Suite 1000
                    Washington, D.C. 20004-1304
                    (202) 637-1051 (Telephone)
                    (202) 637-2201 (Facsimile)
                    Email:  matthew.thurlow@lw.com
                    *Attorneys for Defendant Latham & Watkins LLP*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DEMETRIA PEART,<br><br>    Plaintiff,<br><br>    v.<br><br>LATHAM & WATKINS LLP,<br>555 Eleventh Street, NW<br>Suite 1000<br>Washington, D.C. 20004-1304<br><br>    Defendant. | Case No. 1:13-cv-00537-RMC<br><br>Hon. Rosemary M. Collyer |

## STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT LATHAM & WATKINS LLP'S SECOND MOTION TO DISMISS

Linda M. Inscoe (Admitted *Pro Hac Vice*)
Matthew D. Thurlow (D.C. Bar No. 1008014)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
(202) 637-1051 (Telephone)
(202) 637-2201 (Facsimile)
Email:  matthew.thurlow@lw.com

June 20, 2013          *Attorneys for Defendant Latham & Watkins LLP*

# TABLE OF CONTENTS

**Page**

Introduction & Summary of Argument ........................................................................1

Factual Allegations .......................................................................................................3

Pleading Standards .......................................................................................................5

Argument ......................................................................................................................6

I.     Plaintiff Fails to State a Claim Under § 1981 ...................................................6

      A.    Plaintiff Cannot State a Claim for Relief Under § 1981 for Discrimination on the Basis of Sex or Pregnancy ...........................................................6

      B.    Plaintiff's Section 1981 Claim is Barred by the Statute of Limitations .................7

II.    Plaintiff Fails to State a Claim for Intentional Infliction of Emotional Distress .................7

      A.    Plaintiff's Claim for Intentional Infliction of Emotional Distress is Barred by the Statute of Limitations ...................................................7

      B.    Plaintiff's Claim for Intentional Infliction of Emotional Distress Fails to State a Claim and is Preempted by the District of Columbia Worker's Compensation Act ......................................................9

III.   Plaintiff Fails to State a Claim for Breach of Implied Contract or Wrongful Termination ...........................................................11

      A.    Plaintiff's Claims are Barred by the Statute of Limitations ...................................11

      B.    Plaintiff Has Not Pleaded and Cannot Plead a Claim for Breach of Implied Contract Because She was an "At-Will" Employee ...............................................11

      C.    Plaintiff Cannot Plead a Wrongful Discharge Claim Because She Does Not Identify a Public Policy Exception Implicated by the Termination of Her At-Will Employment ........................................................12

IV.   Plaintiff Cannot Bring Her District of Columbia Human Rights Act ("DCHRA") Claims in Federal Court .........................................................14

      A.    The DCHRA Requires Plaintiffs to Choose Between an Administrative Action or a Judicial Action ....................................................14

      B.    If Plaintiff is Alleging that She Did Not Bring DCHRA Claims Before the OHR, Her Claims are Barred by the DCHRA's Statute of Limitations ................15

i

V.      Plaintiff Fails to State a Claim Under the Pregnancy Discrimination Act ("PDA")
        and Title VII of the Civil Rights Act of 1964 ("Title VII")...............................................16

Conclusion ........................................................................................................................................18

# TABLE OF AUTHORITIES

**Page**

## CASES

*Abhe & Svoboda, Inc. v. Chao*,
   508 F.3d 1052 (D.C. Cir. 2007)......................................................................................... 3

\*Adams v. Dist. of Columbia,
   740 F. Supp. 2d 173 (D.D.C. 2010)............................................................................ 14, 16

*Ahuja v. Detica, Inc.*,
   742 F. Supp. 2d 96 (D.D.C. 2010).............................................................................. 16, 17

*Akonji v. Unity Healthcare, Inc.*,
   517 F. Supp. 2d 83 (D.D.C. 2007)..................................................................................... 17

*Anderson v. U.S. Safe Deposit Co.*,
   552 A.2d 859 (D.C. 1989) .......................................................................................... 15, 16

\*Ashcroft v. Iqbal,
   556 U.S. 662 (2009) ........................................................................................................... 5

*Baldwin County Welcome Ctr. v. Brown*,
   466 U.S. 147 (1984) ........................................................................................................... 9

*Baloch v. Kempthorne*,
   550 F.3d 1191 (D.C. Cir. 2008)....................................................................................... 17

*Barr v. Clinton*,
   370 F. 3d 1196 (D.C. Cir. 2004)........................................................................................ 6

\*Bell Atl. Corp. v. Twombly,
   550 U.S. 544 (2007) ........................................................................................................... 5

*Bello v. Howard University*,
   898 F. Supp. 2d 213 (D.D.C. 2012)................................................................................... 6

*Butler v. Wash. Metro. Area Transit Auth.*,
   No. 89-1659, 1990 U.S. Dist. LEXIS 10631 (D.D.C. Aug. 10, 1990)..................................... 11

\*Carl v. Children's Hospital,
   702 A.2d 159 (D.C. 1997) ............................................................................................... 13

\*Carson v. Sim,
   778 F. Supp. 2d 85 (D.D.C. 2011)............................................................................ 9, 10, 13

*Carter v. Dist. of Columbia,*
  14 F. Supp. 2d 97 (D.D.C. 1998) ........................................................................ 7

*Carter v. Dist. of Columbia,*
  980 A.2d 1217 (D.C. 2009) ............................................................................... 14

Clayton v. Dist. of Columbia,
  No. 11-1889, 2013 U.S. Dist. LEXIS 39270 (D.D.C. March 21, 2013) .................... 13

*Cole v. The Boeing Co.,*
  845 F. Supp. 2d 277 (D.D.C. 2012) ................................................................ 6, 10

Coleman v. Potomac Elec. Power Co.,
  No. 04-7043, 2004 U.S. App. LEXIS 21820 (D.C. Cir. Oct. 19, 2004) .................... 16

Dahlman v. Am. Ass'n of Retired Persons,
  791 F. Supp. 2d 68 (D.D.C. 2011) ..................................................................... 8, 9

*Duncan v. Children's Nat'l Med. Ctr.,*
  702 A.2d 207 (D.C. 1997) .............................................................................. 10, 13

*Faragher v. Boca Raton,*
  524 U.S. 775 (1998) ...................................................................................... 16, 17

Ferguson v. Local 689, Amalgamated Transit Union,
  626 F. Supp. 55 (D.D.C. 2009) .............................................................................. 9

George v. Leavitt,
  407 F.3d 405 (D.C. Cir. 2005) .............................................................................. 17

Gharib v. Wolf,
  518 F. Supp. 2d 50 (D.D.C. 2007) ........................................................................ 11

Graves v. District of Columbia,
  777 F. Supp. 2d 109 (D.D.C. 2012) ....................................................................... 7

Greer v. Paulson,
  505 F.3d 1306 (D.C. Cir. 2007) ............................................................................ 18

Gustave-Schmidt v. Chao,
  360 F. Supp. 2d 105 (D.D.C. 2004) ................................................................ 17, 18

Hamilton v. Sanofi-Aventis U.S., Inc.,
  628 F. Supp. 2d 59 (D.D.C. 2009) .................................................................. 10, 11

*Harris v. Forklift Sys., Inc.,*
  510 U.S. 17 (1993) ........................................................................................ 16, 18

*Jackson v. Public Co. Accounting Oversight Bd.*,
  858 F. Supp. 2d 65 (D.D.C. 2012)..................................................... 12

*Johnson v. Railway Express Agency, Inc.*,
  421 U.S. 454 (1975) ......................................................................... 7

*Jones v. Glaxosmithkline, LLC*,
  755 F. Supp. 2d 138 (D.D.C. 2010).................................................. 11

*Jones v. R.R. Donnelley & Sons Co.*,
  541 U.S. 369 (2004) ......................................................................... 7

*Kamen v. IBEW*,
  505 F. Supp. 2d 66 (D.D.C. 2007)..................................................... 16

*Kerrigan v. Britches of Georgetowne*,
  705 A.2d 624 (D.C. 1997) ................................................................ 12

*Khadr v. United States*,
  529 F.3d 1112 (D.C. Cir. 2008)......................................................... 6

*\*LeFande v. Dist. of Columbia*,
  864 F. Supp. 2d 44 (D.D.C. 2012)..................................................... 12

*Liberatore v. Melville Corp.*,
  168 F.3d 1326 (D.C. Cir. 1999)......................................................... 13

*Mittleman v. United States*,
  997 F. Supp. 1 (D.D.C. 1998)............................................................ 8

*\*Munoz v. Bd. of Trs. of the Univ. of the Dist. of Columbia*,
  590 F. Supp. 2d 21 (D.D.C. 2008)..................................................... 8, 10

*\*Runyon v. McCrary*,
  427 U.S. 160 (1976) ......................................................................... 6

*Shankle v. DRG Fin. Corp.*,
  729 F. Supp. 122 (D.D.C. 1989)........................................................ 12

*\*Smith-Haynie v. District of Columbia*,
  155 F.3d 575 (D.C. Cir. 1998)........................................................... 8, 9, 11

*Stevens v. Sodexo, Inc.*,
  846 F. Supp. 2d 119 (D.D.C. 2012).................................................... 13

*Stewart v. Evans*,
  275 F.3d 1126 (D.C. Cir. 2002)......................................................... 17

*Tatum v. Hyatt Corp.*,
  918 F. Supp. 5 (D.D.C. 1994)................................................................... 10

*Thompson v. Jasas Corp.*,
  212 F. Supp. 2d 21 (D.D.C. 2002)............................................................. 8

*\*Ward v. D.C. Dep't of Youth Rehab. Servs.*,
  768 F. Supp. 2d 117 (D.D.C. 2011)...................................................... 3, 4, 15

*Wheeler v. Georgetown Univ. Hosp.*,
  788 F. Supp. 2d 1 (D.D.C. 2011)............................................................. 12

## STATUTES

42 U.S.C. § 1981(a) ...................................................................................... 6

D.C. Code § 2-1403.16............................................................................ 14, 15

D.C. Code § 12-301(7)................................................................................ 11

D.C. Code § 12-301(8)............................................................................. 8, 11

## RULES

Fed. R. Civ. P. 8(a) ...................................................................................... 5

Fed. R. Civ. P. 12(b)(1)......................................................................... 1, 5, 15

Fed. R. Civ. P. 12(b)(6)................................................................................ 5

\* Pursuant to L. Civ. R. 7, authorities on which we chiefly rely are marked with asterisks.

## INTRODUCTION & SUMMARY OF ARGUMENT

This Second Motion to Dismiss responds to the Amended Complaint filed by Demetria Peart ("Ms. Peart" or "Plaintiff"), which supersedes the First Motion to Dismiss and Plaintiff's Opposition to the First Motion to Dismiss.[1]  The Amended Complaint should be dismissed with prejudice because Counts I-V fail to satisfy the minimum pleading standards required under Federal Rules of Civil Procedure 8 and 12(b)(6) and Count V fails to establish subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

As with the claims in the original Complaint, most of Plaintiff's claims in her Amended Complaint, including her newly-added Section 1981 claim (Count II), Implied Contract/Wrongful Termination claim (Count III), Intentional Infliction of Emotional Distress claim (Count IV), and District of Columbia Human Rights Act ("DCHRA") claim (Count V), are time-barred because it has been over five years since Latham & Watkins LLP ("Latham") terminated Ms. Peart's employment on January 24, 2008.  The limitations period for her Section 1981, Intentional Infliction of Emotional Distress, Implied Contract and Wrongful Termination, and DCHRA claims are between one and four years.  Ms. Peart cannot state facts sufficient to establish that these constitutional, common law, and statutory claims are still viable or that they should be equitably tolled.  Nor can she plead facts showing that Latham should be equitably estopped from asserting that these claims are untimely.

---

[1] Plaintiff filed her Opposition to the Motion to Dismiss and Amended Complaint on June 1, 2013.  Opposition to Motion to Dismiss, *Peart v. Latham & Watkins LLP*, Case No. 1:13-cv-00537-RMC (June 1, 2013); Amended Complaint, *Peart v. Latham & Watkins LLP*, Case No. 1:13-cv-00537-RMC (June 1, 2013).   Rather than file a reply brief that would be moot, Defendant opted to withdraw its initial Motion to Dismiss and file this Second Motion to Dismiss in response to the Amended Complaint.  Notice of Withdrawal of Motion to Dismiss as Moot, *Peart v. Latham & Watkins LLP*, Case No. 1:13-cv-00537-RMC (June 11, 2013).

Furthermore, all of Plaintiff's claims are also deficient as a matter of pleading and subject-matter jurisdiction. Ms. Peart cannot state a Section 1981 claim because Section 1981 does not provide a cause of action for discrimination on the basis of sex or pregnancy and Ms. Peart does not allege in the Amended Complaint, nor has she ever previously alleged, that she was discriminated against on the basis of race. Ms. Peart's claim for Intentional Infliction of Emotional Distress fails because she does not plead facts sufficient to state a claim and this claim is preempted by the District of Columbia Worker's Compensation Act ("WCA"). Her claims for breach of Implied Contract/Wrongful Termination should be dismissed because Ms. Peart was an at-will employee and she cannot identify a public policy exception implicated by her termination of employment that is independent of the other causes of action already pleaded in her Amended Complaint. Plaintiff's DCHRA claims fail because they have already been decided by the D.C. Office of Human Rights ("OHR"), and the DCHRA explicitly provides that a Plaintiff is entitled to an administrative or judicial resolution of DCHRA claims, but not both. To bring a judicial action under the DCHRA, Ms. Peart had to withdraw her DCHRA claims before the OHR made its administrative finding of no probable cause on March 18, 2011, and finalized that decision on March 29, 2012. Finally, Ms. Peart's Pregnancy Discrimination Act and Title VII claim (Count I) fails because the two incidents of discriminatory conduct alleged by Plaintiff do not rise to the level of pervasiveness or severity needed to plead a hostile work environment claim. Moreover, the allegedly hostile remarks could not have impacted her working conditions or her performance at work because she only became aware of these remarks *after* Latham terminated her employment.

For the foregoing reasons and others discussed herein, the Court should grant Latham's motion to dismiss all counts in the Amended Complaint with prejudice.

## FACTUAL ALLEGATIONS[2]

Latham is an international law firm with approximately 2,100 attorneys in 32 offices around the world.  Latham's Washington, D.C., office is the third largest office in the firm with over 200 attorneys and 150 non-attorney support managers and staff.

In April 2007, Demetria Peart began her employment at Latham as a Legal Secretary. Amended Complaint ¶ 1.  In November 2007, Ms. Peart's doctors instructed her to stay on bed rest due to complications from her pregnancy.  Amended Complaint ¶¶ 4-5.  Following notice of her illness, Latham requested that Ms. Peart submit medical verification forms to Aetna, Latham's short term disability carrier and agent for certifying a medical leave of absence. Amended Complaint ¶¶ 6-9.  Ms. Peart's short-term disability was approved.  Amended Complaint ¶ 8.  Latham terminated Ms. Peart's employment on January 24, 2008.  Amended Complaint ¶ 10.

Ms. Peart filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") on May 2, 2008, alleging disparate treatment on the basis of sex and her pregnancy.  Amended Complaint at 2.  On March 27, 2009, the EEOC assigned Ms. Peart's complaint to the D.C. Office of Human Rights ("OHR").  After interviewing several witnesses and reviewing statements by the parties and numerous documents, the OHR issued a no probable cause finding on March 18, 2011.  Letter of Determination, *Demetria Peart v. Latham & Watkins LLP*, Docket No. 09-269-P (CN-TR), EEOC 570-2008-00836 (March 18, 2011).[3]  The OHR

---

[2] Any well-pleaded factual matter taken from the Complaint and recited herein is assumed true for purposes of this motion only.

[3] Second Request for Judicial Notice, *Peart v. Latham & Watkins LLP*, Case No. 1:13-cv-00537-RMC, Declaration of Matthew D. Thurlow, Exh. 1 (June 20, 2013).  In deciding a motion to dismiss, a court may consider "matters of which it may take judicial notice."  *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007); *see also Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) ("In deciding a motion brought under Rule

concluded that there was "[n]o probable cause to believe that Respondent [Latham] subjected Complainant [Ms. Peart] to disparate treatment based on sex (female/pregnant) when she was allegedly terminated from her position as Legal Secretary while out of work on doctor-mandated bed rest." *Id.* at 9.

Ms. Peart subsequently requested reconsideration of the OHR's decision.  On September 6, 2011, the OHR issued a decision reversing its initial determination of "no probable cause" on the basis that, "Respondent did not provide an opposition to Complainant's request for reconsideration."[4]  On March 29, 2012, the OHR declared its September 2011 reconsideration void and affirmed its March 2011 decision: "Because of clerical errors, Respondent never received the notice of reconsideration.  Therefore, the initial reconsideration decision is void and a new decision is being issued after reviewing Respondent's opposition to the evidence submitted by Complainant in support of her request for reconsideration."[5]  Following its final reconsideration of the evidence in the March 2012 decision, the OHR concluded, "Complainant [Ms. Peart] was delinquent in her responses to Respondent's requests [for medical certification of her disability].  As such, there is no evidence demonstrating that Respondent's actions were pretext for discrimination."  *Id.* at 6.  OHR's March 2012 decision letter also informed Ms. Peart that the OHR had completed its administrative review of her claims: "This letter concludes the

---

12(b)(6), a court does not consider matters outside the pleadings, but a court may consider on a motion to dismiss 'the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint,' or 'documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss.'")  (internal citations omitted).

[4] Determination on Complainant's Request for Reconsideration, *Demetria Peart v. Latham & Watkins LLP*, Docket No. 09-269-P (CN-TR), EEOC 570-2008-00836 (September 6, 2011), Second Request for Judicial Notice, Declaration of Matthew D. Thurlow, Exh. 2, p. 3.

[5] Determination on Complainant's Request for Reconsideration, *Demetria Peart v. Latham & Watkins LLP*, Docket No. 09-269-P (CN-TR), EEOC 570-2008-00836 (March 29, 2012), Second Request for Judicial Notice, Declaration of Matthew D. Thurlow, Exh. 3, p. 2.

review process of the OHR.  This letter also constitutes a final decision from the OHR." *Id.* at 7.

On April 18, 2013, following a request from Ms. Peart, the EEOC issued Ms. Peart a notice of

right to sue letter under Title VII of the Civil Rights Act of 1964.  Amended Complaint at 2.[6]  On

April 22, 2013, Ms. Peart filed the first Complaint in this matter.  Latham filed its First Motion to

Dismiss the Complaint and a Request for Judicial Notice on May 22, 2013.  On June 1, 2013,

Ms. Peart filed an Opposition to Latham's Motion to Dismiss and the Amended Complaint.  On

June 11, 2013, Latham filed a Notice of Withdrawal of the First Motion to Dismiss as Moot.

## PLEADING STANDARDS

Federal Rule of Civil Procedure 8(a) requires Plaintiff to allege facts that, if true, legally

entitle her to relief.  Fed. R. Civ. P. 8(a).  A motion to dismiss for failure to state a claim under

Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of the complaint on its face,

testing whether a plaintiff has properly stated a claim.  Fed. R. Civ. P. 12(b)(6).  Although the

court must assume that the factual allegations in the complaint are true, the federal pleading

requirements still require more than "labels and conclusions, and a formulaic recitation of the

elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also*

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice.").  The plaintiff must plead

"factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Likewise, in ruling on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1),

"the court need not accept factual inferences drawn by plaintiffs if those inferences are not

supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal

---

[6] Right to Sue Letter, EEOC, EEOC 570-2008-00836 (April 18, 2013), Second Request for
Judicial Notice, Declaration of Matthew D. Thurlow, Exh. 4.

conclusions." *Cole v. Boeing Co.*, 845 F. Supp. 2d 277, 283 (D.D.C. 2012) (citing *Barr v. Clinton*, 370 F. 3d 1196, 1199 (D.C. Cir. 2004)).   Because subject-matter jurisdiction is an Article III and statutory prerequisite, the parties cannot confer it on a federal court. *Id.*   "The party claiming subject matter jurisdiction bears the burden of demonstrating that [it] exists." *Id.* (citing *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008)).

## ARGUMENT

### I.   PLAINTIFF FAILS TO STATE A CLAIM UNDER § 1981

#### A.   Plaintiff Cannot State a Claim for Relief Under § 1981 for Discrimination on the Basis of Sex or Pregnancy

Ms. Peart fails to state a claim for relief under 42 U.S.C. § 1981.   Section 1981 of the Civil Rights Act of 1866 provides that "[a]ll persons" in the United States shall have the "full and equal benefit of all laws and proceedings for the security of persons and property as enjoyed by white citizens. . . "  42 U.S.C. § 1981(a).  Section 1981 does not provide a cause of action for discrimination on the basis of sex or pregnancy.  *See Runyon v. McCrary*, 427 U.S. 160, 167 (1976) ("It is worth noting at the outset some of the questions that these cases do not present. . . . They do not present any question of the right of a private school to limit its student body to boys, to girls, or to adherents of a particular religious faith, since 42 U.S.C. § 1981 is in no way addressed to such categories of selectivity.").   Section 1981 is "narrowly addressed to racial discrimination and is 'in no way' directed to sex or gender discrimination." *Bello v. Howard Univ.*, 898 F. Supp. 2d 213, 219 (D.D.C. 2012).   Ms. Peart does not allege a single fact in her Amended Complaint that she was discriminated against on the basis of her race.   Indeed, she has never alleged that her termination of employment was in any way related to race and she cannot raise such allegations for the first time now.   Request for Judicial Notice, Exh. 1; Exh. 3. Accordingly, her Section 1981 claim should be dismissed with prejudice.

**B.      Plaintiff's Section 1981 Claim is Barred by the Statute of Limitations**

Ms. Peart's Section 1981 claim also fails because it is time-barred.  A three or four year statute of limitations applies to Section 1981 claims.  *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 381-82 (2004) (holding that four-year statute of limitations applies to Section 1981 claims that are based on the 1991 Amendments to the Civil Rights Act); *Graves v. District of Columbia*, 777 F. Supp. 2d 109, 115-16 (D.D.C. 2011) (holding that either a three-year or four-year statute of limitations applies to Section 1981 claims).  Because more than five years have passed since Latham terminated Ms. Peart's employment, her Section 1981 claim is time-barred regardless of the theory on which it is based.  Nor can Plaintiff save her Section 1981 claim by asserting that it was tolled during the pendency of her administrative claims before the EEOC and the OHR.  *See Carter v. Dist. of Columbia*, 14 F. Supp. 2d 97, 102 (D.D.C. 1998) ("Furthermore, because a Section 1981 claim is 'separate from and independent of' Title VII, the statute of limitations on a Section 1981 or Section 1983 claim is not tolled by the pendency of administrative action on a Title VII claim."); *see also Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 465-66 (1975) (rejecting equitable tolling of Section 1981 claim during pendency of EEOC review of Title VII claim).  Because Plaintiff's Section 1981 claim is time-barred, it should be dismissed with prejudice.

**II.      PLAINTIFF FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**A.      Plaintiff's Claim for Intentional Infliction of Emotional Distress is Barred by the Statute of Limitations**

Ms. Peart's claim for intentional infliction of emotional distress is barred by all potentially applicable statutes of limitations.  The limitations period for an intentional infliction of emotional distress claim runs from the date of termination of employment.  *See Mittleman v.*

*United States*, 997 F. Supp. 1, 8 (D.D.C. 1998).[7]   An independent action for infliction of emotional distress is subject to D.C.'s residual three-year limitations period.   D.C. Code § 12-301(8); *Munoz v. Bd. of Trs. of the Univ. of the Dist. of Columbia*, 590 F. Supp. 2d 21, 26 (D.D.C. 2008).   But, where intentional infliction of emotional distress claims are "intertwined with any of the causes of action for which a period of limitation is specifically provided," the intentional infliction of emotional distress claim assumes the limitations period of the other causes of action.   *Id.* (adopting one-year statute of limitations of DCHRA in employment discrimination case).   In this case, Ms. Peart brings a DCHRA claim, which has a one-year statute of limitations, as well as implied contract, wrongful discharge, and Section 1981 claims, which have three-year, or, at most, four-year statutes of limitations.   Regardless of whether a one-year, three-year, or four-year statute of limitations applies to Ms. Peart's intentional infliction of emotional distress claim, her claim is time-barred because more than five years have passed since the termination of her employment.

Nor can Ms. Peart's intentional infliction of emotional distress claim be saved by the principles of equitable tolling or equitable estoppel.   A "court's equitable power to toll the statute of limitations will be exercised only in extraordinary and carefully circumscribed instances."   *See Smith-Haynie v. District of Columbia*, 155 F.3d 575, 579-80 (D.C. Cir. 1998); *Dahlman v. Am. Ass'n of Retired Persons*, 791 F. Supp. 2d 68, 77-78 (D.D.C. 2011) (rejecting intentional

---

[7] Plaintiff argues in her Opposition that her intentional infliction of emotional distress claim continued to run until she received a right to sue letter from the EEOC.   Opposition at 8 ("The clock starts ticking when the law firm stops intentionally inflicting emotional distress – which was upon her receipt of a right to sue letter from the EEOC . . . ").   The applicable case-law, however, indicates that an intentional infliction of emotional distress claim is based upon incidents that caused emotional distress and does not extend past the date of Ms. Peart's termination of employment.   *See Thompson v. Jasas Corp.*, 212 F. Supp. 2d 21, 27 (D.D.C. 2002) (limiting emotional distress claim to incidents that occurred prior to termination of plaintiff's employment).

infliction of emotional distress claim where plaintiff filed claim over one year late and argued that the delay in filing her claims was the result of an emotional breakdown). The "absence of prejudice" to a defendant "is not an independent basis for invoking the doctrine" of equitable tolling. *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984).[8] Likewise, the principle of equitable estoppel cannot save her claims because she does not allege in the Amended Complaint, and cannot allege, that Latham prevented her from filing her claims on time. *Smith-Haynie*, 155 F.3d at 580-81 (rejecting equitable estoppel claim that plaintiff was either "lulled or scared into inaction" by defendant); *Ferguson v. Local 689, Amalgamated Transit Union*, 626 F. Supp. 2d 55, 61-62 (D.D.C. 2009) (holding that defendant employer was not estopped from asserting statute of limitations defense even in case where employer was "not entirely forthcoming" with plaintiff "following her discharge"). Ms. Peart cannot present facts alleging that Latham has ever sought anything other than the expeditious resolution of her claims. Accordingly, Plaintiff's claim for intentional infliction of emotional distress must be dismissed with prejudice.

### B.     Plaintiff's Claim for Intentional Infliction of Emotional Distress Fails to State a Claim and is Preempted by the District of Columbia Worker's Compensation Act

Ms. Peart's intentional infliction of emotional distress claim also fails to state a claim on the facts pleaded. *See* Amended Complaint ¶¶ 23-25. In the District of Columbia, intentional infliction of emotional distress is a common law claim that requires a prima facie showing of "(1) extreme and outrageous conduct on behalf of the defendant which (2) intentionally or recklessly (3) causes the plaintiff severe emotional distress." *Carson v. Sim*, 778 F. Supp. 2d 85,

---

[8] In Plaintiff's Opposition she identifies, without citation, several factors she believes support equitable tolling, including the absence of prejudice. Opposition at 4. Prejudice is not an applicable factor under an equitable tolling analysis.

95 (D.D.C. 2011).  "The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *Id.* at 95-96.  Because Plaintiff does not plead any facts showing extreme or outrageous conduct which intentionally or recklessly caused severe emotional distress, the court should dismiss her intentional infliction of emotional distress claim.  *See Duncan v. Children's Nat'l Med. Ctr.*, 702 A.2d 207, 211 (D.C. 1997) (holding that employer's decision to require pregnant woman to work in blood bank where she was exposed to radiation or lose her job was not sufficiently "outrageous" conduct to state intentional infliction of emotional distress claim); *see also Munoz*, 590 F. Supp. 2d at 27 n.7 (holding employer's termination of plaintiff's health insurance and bar on application for COBRA extension coverage while on sick leave were not sufficient to state a claim for intentional infliction of emotional distress).

Ms. Peart's intentional infliction of emotional distress claim should also be dismissed because it is preempted by the D.C. Workers' Compensation Act ("WCA").  The WCA prevents employees from pursuing common law tort suits against employers if their injuries are covered by the WCA: "A claim for the tort of intentional infliction of emotional distress falls within the Act's coverage."  *Carson*, 778 F. Supp. 2d at 96; *see also Cole*, 845 F. Supp. 2d at 287 (dismissing employee's intentional infliction of emotional distress claim due to preemption under the Act); *Tatum v. Hyatt Corp.*, 918 F. Supp. 5, 7-8 (D.D.C. 1994) (same).  Plaintiff bears the burden of pleading and ultimately proving that the WCA does not preempt her claim.  *Carson*, 778 F. Supp. 2d at 96; *see also Hamilton v. Sanofi-Aventis U.S., Inc.*, 628 F. Supp. 2d 59, 63 (D.D.C. 2009) (noting that "because the WCA contains a number of presumptions that favor coverage, the employee bears the burden of proving that the WCA does not apply").

Because Ms. Peart has failed to allege facts that tend to show her alleged injuries from the intentional infliction of emotional distress are not compensable under the WCA, the Court should dismiss this claim.

### III.   PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF IMPLIED CONTRACT OR WRONGFUL TERMINATION

#### A.   Plaintiff's Claims are Barred by the Statute of Limitations

Ms. Peart's claims for breach of implied contract rights and wrongful termination are time-barred.  *See* Amended Complaint ¶¶ 20-22.  In the District of Columbia, a three-year statute of limitations applies to breach of implied contract and wrongful discharge claims.  D.C. Code § 12-301(7), (8).  Because Ms. Peart did not bring these claims within three years of the date she received notice of her termination of employment from Latham on January 24, 2008, her claims have expired.   *Gharib v. Wolf*, 518 F. Supp. 2d 50, 55 n.2 (D.D.C. 2007) (applying three-year statute of limitations in breach of implied contract case); *see also Jones v. Glaxosmithkline, LLC*, 755 F. Supp. 2d 138, 156 (D.D.C. 2010) (dismissing wrongful discharge claim as time-barred); *Butler v. Wash. Metro. Area Transit Auth.*, No. 89-1659, 1990 U.S. Dist. LEXIS 10631, at *6 (D.D.C. Aug. 10, 1990) (dismissing wrongful termination claim filed three years and one day after termination).  As discussed above, Plaintiff's claims cannot be preserved by the principles of equitable tolling or equitable estoppel.[9]   Accordingly, Ms. Peart's breach of implied contract and wrongful discharge claims should be dismissed with prejudice.

#### B.   Plaintiff Has Not Pleaded and Cannot Plead a Claim for Breach of Implied Contract Because She was an "At-Will" Employee

Ms. Peart cannot state a claim for breach of implied contract because she was an "at-will" employee.   Under D.C. law, there is a presumption that a "hiring not accompanied by an

---

[9] *See supra* Section IIA; *Smith-Haynie*, 155 F.3d at 579-80.

expression of a specific term of duration" creates an at-will employment relationship that can be ended by either party for any reason at any time. *LeFande v. Dist. of Columbia*, 864 F. Supp. 2d 44, 48 (D.D.C. 2012). Termination of employment "does not breach an at-will employment contract, because by its very terms the agreement contemplates that either party may end the employment relationship, with or without cause." *Id.* Ms. Peart has not pleaded any facts in the Amended Complaint that rebut the presumption that her employment at Latham was anything other than an at-will employment relationship. *See Shankle v. DRG Fin. Corp.*, 729 F. Supp. 122, 124 (D.D.C. 1989) ("The presumption of terminable-at-will employment can be rebutted only by a clear statement of the parties' intention to do so."); *see also Wheeler v. Georgetown Univ. Hosp.*, 788 F. Supp. 2d 1, 6 (D.D.C. 2011) (holding that plaintiff's subjective belief that her employment was not terminable at will was insufficient to survive motion to dismiss). Nor has Plaintiff identified any applicable policy, procedure, or other potential source of implied contract rights that affected her status as an at-will employee. *See Jackson v. Pub. Co. Accounting Oversight Bd.*, 858 F. Supp. 2d 65, 68-69 (D.D.C. 2012); *Kerrigan v. Britches of Georgetowne, Inc.,* 705 A.2d 624, 627 & nn.2 & 3 (D.C. 1997). Accordingly, Ms. Peart's implied contract claim should be dismissed.

## C. Plaintiff Cannot Plead a Wrongful Discharge Claim Because She Does Not Identify a Public Policy Exception Implicated by the Termination of Her At-Will Employment

Because Ms. Peart was an at-will employee, she also cannot state a claim for the tort of wrongful discharge. District of Columbia courts recognize a narrow exception to the at-will employment relationship, and potential claims for wrongful discharge, only where plaintiffs identify "a clear mandate of public policy" that would be violated by termination of employment. *See Carl v. Children's Hosp.*, 702 A.2d 159, 164 (D.C. 1997) (*en banc*). The public policy exception only applies if it is "solidly based on a statute or regulation that reflects the particular

public policy to be applied" and there is no other remedy, or cause of action, that can be brought under the statute or regulation. *Liberatore v. Melville Corp.*, 168 F.3d 1326, 1331 (D.C. Cir. 1999); *Lefande*, 864 F. Supp. 2d at 50. To state a claim for wrongful termination, a plaintiff must "clearly articulate the applicable public policy, [and] show a causal connection between protected activity in which that plaintiff engaged and his or her termination." *Stevens v. Sodexo, Inc.*, 846 F. Supp. 2d 119, 126 (D.D.C. 2012).

Ms. Peart's wrongful discharge claim fails to identify any legally cognizable public policy that provides an exception to her at-will employment. *See Clayton v. Dist. of Columbia*, No. 11-1889, 2013 U.S. Dist. LEXIS 39270, at *24-25 (D.D.C. Mar. 21, 2013) ("To state a claim for wrongful termination, the at-will employee must 'clearly articulate the applicable public policy.'") (citations omitted). Plaintiff's claim for wrongful discharge does not identify any statute or regulation implicated by the termination of her employment. *Id.* Furthermore, the statutes and regulations that she identifies in her other claims in the Amended Complaint already provide remedies and therefore cannot be the basis for her wrongful discharge claim. *Carson*, 778 F. Supp. 2d at 98 (dismissing wrongful discharge claim in Title VII discrimination case because Plaintiff's "amended complaint identifies no public policy violated by his termination that cannot be enforced by existing causes of action"); *Stevens*, 846 F. Supp. 2d at 126-27 (dismissing wrongful discharge claim where Plaintiff sought to rely upon the DCHRA as public policy); *Duncan*, 702 A.2d at 210-11 (rejecting public policy claim based on pregnancy under the DCHRA). Because Ms. Peart cannot identify any public policy implicated by the termination of her employment for which there is not already a legal remedy available, her wrongful discharge claim must be dismissed.

13

## IV.  PLAINTIFF CANNOT BRING HER DISTRICT OF COLUMBIA HUMAN RIGHTS ACT ("DCHRA") CLAIMS IN FEDERAL COURT

### A.  The DCHRA Requires Plaintiffs to Choose Between an Administrative Action or a Judicial Action

Ms. Peart cannot bring D.C. Human Rights Act ("DCHRA") claims in federal court because her DCHRA claims were already decided by the D.C. Office of Human Rights ("OHR") and there is no subject-matter jurisdiction in this Court.  Amended Complaint ¶ 26.  The DCHRA provides a private cause of action for "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice."  D.C. Code § 2-1403.16(a).  The DCHRA requires a complainant "to choose between an administrative or a judicial forum to pursue their claims." *Adams v. Dist. of Columbia*, 740 F. Supp. 2d 173, 189-90 (D.D.C. 2010); D.C. Code § 2-1403.16(a).  A complainant cannot bring a DCHRA claim in both forums unless the complaint was dismissed on grounds of administrative convenience or the case was withdrawn by the complainant.  *Id.* (holding that to bring a judicial complaint under the DCHRA a complainant must withdraw a DCHRA claim before the OHR makes a probable cause determination); *see also Carter v. Dist. of Columbia*, 980 A.2d 1217, 1223 (D.C. 2009).[10]

In this case, the OHR has already decided Ms. Peart's DCHRA claims.  The OHR applied the DCHRA in its March 2011 decision finding that Ms. Peart failed to establish disparate treatment on the basis of sex when Latham terminated her employment.  Request for Judicial Notice, Exh. 1, p. 8-9.  Likewise, in its reconsideration in March 2012, the OHR again relied upon the DCHRA in affirming its earlier finding of no probable cause of discrimination.

---

[10] A DCHRA case may be brought "in any court of competent jurisdiction . . . unless such person has filed a complaint hereunder; provided, that where the Office has dismissed such complaint on the grounds of administrative convenience, or where the complainant has withdrawn a complaint, such person shall maintain all rights to bring suit as if no complaint had been filed." D.C. Code § 2-1403.16(a).

Request for Judicial Notice, Exh. 3, p. 6.  Because the OHR has already decided Ms. Peart's

DCHRA claims, she cannot bring these claims a second time in federal court.  *See Carter*, 980

A.2d at 1223-24 ("But to preserve her right to pursue her claims in court, [plaintiff] was obliged

to withdraw her administrative complaint 'prior to the agency's disposition.'"); *see also Ward v.

D.C. Dep't of Youth Rehab. Servs*., 768 F. Supp. 2d at 120.  Ms. Peart's DCHRA claims were not

withdrawn before the OHR reached its final decision.  The OHR's March 29, 2012 decision

explicitly provides that, "[t]his letter also constitutes a **final decision** from the OHR."  Request

for Judicial Notice, Exh. 3, p. 7 (emphasis added).[11]  Because the OHR reached a final

administrative decision on her DCHRA claims, Ms. Peart is not entitled to bring these claims

anew in federal court and the claims must be dismissed with prejudice for lack of subject-matter

jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**B.      If Plaintiff is Alleging that She Did Not Bring DCHRA Claims Before the OHR, Her Claims are Barred by the DCHRA's Statute of Limitations**

In the event Ms. Peart contends that she did not bring her DCHRA claims before the

OHR, her DCHRA claims are barred by the DCHRA's one-year statute of limitations.  *See* D.C.

Code § 2-1403.16(a) (providing that statute of limitations for DCHRA claims is one year);

*Anderson v. U.S. Safe Deposit Co.*, 552 A.2d 859, 862 (D.C. 1989) (noting that "appellant's suit

was plainly barred by the Act's one-year statute of limitations").  Moreover, Ms. Peart's

DCHRA claims were not equitably tolled by any pending Title VII claims.  *See Coleman v.

Potomac Elec. Power Co.*, No. 04-7043, 2004 U.S. App. LEXIS 21820, at *2 (D.C. Cir. Oct. 19,

---

[11] Not only does Plaintiff ignore the March 29, 2012 decision in her Opposition and claim that a January 6, 2012 OHR email to Ms. Peart was "the last action taken by the OHR," Plaintiff claims that "Defendant has 'mis-represented' [sic] the decisions of the DCOHR to this Court." Opposition at 3.  The March 29, 2012, final administrative decision of the OHR is referenced throughout the First Motion to Dismiss and is attached as an exhibit to Latham's First Request for Judicial Notice, which makes Plaintiff's mischaracterization of the administrative record and misguided attack on Latham all the more inexcusable.

2004) (unpublished) ("The filing of an administrative complaint does not toll the DCHRA's one-year statute of limitations."); *Kamen v. IBEW*, 505 F. Supp. 2d 66, 75-76 (D.D.C. 2007) (holding that filing of administrative complaint with the OHR does not toll the DCHRA statute of limitations period of one year). Nor can Ms. Peart plead facts showing that her DCHRA claims should be estopped because Latham in any way prevented Ms. Peart from filing her DCHRA claims. *See supra*, Section IIA; *Adams*, 740 F. Supp. 2d at 190 (rejecting plaintiff's request to equitably toll DCHRA claim on estoppel grounds). Thus, if Ms. Peart alleges that her DCHRA claims were not brought before the OHR, the statute of limitations has run and these claims must be dismissed with prejudice.

## V.     PLAINTIFF FAILS TO STATE A CLAIM UNDER THE PREGNANCY DISCRIMINATION ACT ("PDA") AND TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 ("TITLE VII")

Finally, Ms. Peart fails to state a claim for relief under the PDA and Title VII. As pleaded, her claim under the PDA and Title VII appears to be limited to a single claim.[12] A hostile work environment claim requires a showing that the workplace is "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotations omitted). In evaluating whether a hostile work environment claim is viable, the Supreme Court has directed courts to examine factors including: (1) "the totality of the circumstances, including the frequency of the discriminatory conduct;" (2) "its severity; whether it is physically threatening or humiliating, or a mere offensive utterance;" and (3) "whether it unreasonably interferes with an employee's work performance." *Ahuja v. Detica, Inc.*, 742 F. Supp. 2d 96, 104 (D.D.C. 2010), (quoting *Faragher*

---

[12] Amended Complaint ¶¶ 16-17.

*v. Boca Raton*, 524 U.S. 775, 787-88 (1998)) (internal quotations omitted); *see also Baloch v. Kempthorne*, 550 F.3d 1191, 1201 (D.C. Cir. 2008).

Plaintiff has failed to state a claim for hostile work environment under these factors. First, Plaintiff's hostile work environment claim fails because she has not pleaded facts sufficient to establish that the hostile acts were frequent or pervasive. Plaintiff pleads that she was exposed to Defendant's allegedly hostile remarks on only two occasions. *See Akonji v. Unity Healthcare, Inc.*, 517 F. Supp. 2d 83, 98 (D.D.C. 2007) (finding that five discrete acts of harassment over a two year period did not meet the standard of pervasive conduct); *see also Stewart v. Evans*, 275 F.3d 1126, 1133 (D.C. Cir. 2002) (holding "a single telephone call is not sufficiently severe and pervasive to constitute a hostile work environment"). Second, the remarks, one of which appears to have been an inappropriate, offhand comment in an internal email sent to two third-party Latham employees, and the other of which allegedly occurred during the conversation in which Ms. Peart's employment was terminated, cannot reasonably be considered to be severe. Amended Complaint ¶¶ 10-11; *Faragher*, 524 U.S. at 778 (holding that "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment"); *George v. Leavitt*, 407 F.3d 405, 408, 416-17 (D.C. Cir. 2005) (upholding dismissal of a hostile work environment claim by a foreign-born employee based in part on vastly more offensive conduct, notably three different employees telling her over a six month period to "go back where she came from"); *Gustave-Schmidt v. Chao*, 360 F. Supp. 2d 105, 121 (D.D.C. 2004) (holding that employee was not exposed to a hostile work environment where, unlike here, plaintiff's supervisor subjected her to numerous ethnic slurs, sexist comments, and inappropriate statements about her age).

Third, Ms. Peart cannot plead facts showing that the remarks interfered with her working conditions or her performance at work.  Neither of Defendant's allegedly hostile acts occurred while she was at Latham, and while there is no per se rule that an employee cannot endure a hostile work environment when she is physically absent from the workplace, Ms. Peart fails to state any facts indicating that she endured a hostile work environment prior to the termination of her employment.  *See Greer v. Paulson*, 505 F.3d 1306, 1314 (D.C. Cir. 2007).  "[I]f the victim [of a hostile work environment] does not subjectively perceive the environment to be abusive, the conduct has not actually altered the conditions of the victim's employment, and there is no Title VII violation."  *Harris*, 510 U.S. at 21-22.  Accordingly, Plaintiff fails to state a claim for relief under the PDA and Title VII and this claim should be dismissed.

## CONCLUSION

For the foregoing reasons, Latham respectfully requests that this Court grant its motion and dismiss Plaintiff's claims against it with prejudice.

Dated: June 20, 2013

Respectfully submitted,

/s/ Matthew D. Thurlow

Linda M. Inscoe (Admitted *Pro Hac Vice*)
Matthew D. Thurlow (D.C. Bar No. 1008014)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
(202) 637-1051 (Telephone)
(202) 637-2201 (Facsimile)
Email:  matthew.thurlow@lw.com

*Attorneys for Defendant Latham & Watkins LLP*

18

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 20th day of June 2013, a copy of the foregoing Motion to Dismiss and of the accompanying Statement of Point and Authorities in Support of Defendant Latham & Watkins LLP's Motion to Dismiss were served electronically by the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) upon the following persons of record that have appeared in this action:

Jonathan Dailey

*Attorney for Demetria Peart*

Dated:  June 20, 2013

<u>/s/ Matthew D. Thurlow</u>

Linda M. Inscoe (Admitted *Pro Hac Vice*)
Matthew D. Thurlow (D.C. Bar No. 1008014)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
(202) 637-1051 (Telephone)
(202) 637-2201 (Facsimile)
Email:  matthew.thurlow@lw.com

*Attorneys for Defendant Latham & Watkins LLP*